UNIDED STATES DISTRICT COURT
DISTRICT OF

CA 06 105T

Paulo Jorge Fonseca Barbosa )
A# 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 )
) Civ. No. ______
V. )
)
BRUCE CHADBOURNE, Interim )
Field Office Director for Dentention and )
Removal, Boston Field Office, Bureau of )
Immigration and Customs Enforcement )
the Bureau of Immigration and Customs )
Enforcement; and Wayne Salisbury, Warden )
of Donald W. WyaTT Detention Facility )

Petition for a Writ of Habeas Corpus

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C § 2241

Petitioner, Paulo Jorge Fonseca Barbosa, hereby petitions this Court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support

## PARTIES

1. Petitioner Paulo Jorge Fonseca Barbosa was a lawful permanent resident of the United States, and a native and citizen of Cape Verde. Mr. Barbosa was ordered deported on August 3, 2005 and was taken into immigration custody on April 20, 2005. He has been detained by the Bureau of Immigration and Customs Enforcement (ICE)[24] for over 6 months.

2. Respondent John D. Ashcroft is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3. Respondent Bruce Chadbourne is the Interim Field Office Director for Detention and Removal, Boston Field office, Bureau of Immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

5. Respondent A.T. Wall is the Director, Rhode Island Department of Corrections. Because ICE contracts with state prisons such as Donald W. Wyatt Detention Facility in

## CUSTODY

6. Petitioner is detained at the Donald W. Wyatt Detention Facility in Central Falls, Rhode Island. ICE has contracted with the Donald Wyatt Detention Facility to house immigration detainees such as Mr Barbosa. Petitioner was previously detained at the Bristol county Jail and House of Correction in 400 Faunce Corner Road, North Darmouth, MA which also contracted with ICE to house immigration detainees. Petitioner is under the direct control of Respondents and their agent's.

## JURISDICTION

7. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L.No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5 U.S.C § 701 et seq. This Court has jurisdiction under 28 U.S.C § 2241, art. 1 § 9, cl. 2 of the United States Constitution ("Suspension Clause") and 28 U.S.C § 1331, as the Petitioner is presently in custody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. See Zadvydas v. Davis, 533 U.S. 678, 121 S Ct. 2491 (2001).

## VENUE

8. Venue lies in the District of Rhode Island

## EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas. The Department of Justice issued regulations governing the custody of aliens ordered removed See 8 C.F.R § 241.4. Petitioner was ordered deported on August 3, 2005 and was taken into ICE custody on April 20, 2005. At his "90-day" custody review on December 2, 2005, ICE decided to continue his detention. See Ex. 1. In a decision dated 12-13-05 ICE's Headquarters Post detention Unit ("HQPDU") informed Petitioner that it would continue to keep him in Custody. See Ex. 2. The Custody review regulations do not provide for appeal from a HPQDU custody review decision. See 8 C.F.R § 241.4 (d).

10. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention

## STATEMENT OF FACTS

11. Petitioner, Paulo Jorge Fonseca Barbosa, was

12. On December 13, 2004 Paulo Jorge Fonseca Barbosa was convicted of Manufacture/deliver/possess w intent schedule I/II to wit: CoCaine in Rhode ISland and Sentenced to 8 year's full sentence, 15 months to serve, 81 months suspended and 81 months probation. On August 3, 2005, ICE Charged Paulo Jorge Fonseca Barbosa with being deportable because of my crime, Section (INA) 237(a)(2)(B)(i) of the Immigration and Nationality Act, as amended, in that, at any time after admission, you have been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a state, the United States, or a foreign country relating to a controlled substance Act, 21 U.S.C. 802), other than a single offense involving possession for one's own use of 30 gram's or less of marijuana.

Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission you have been convicted of an aggravated felony as defined in Section 101(a)(43)( ____ ) of the Act, a law relating to ____

He was ordered removed to Cape Verde by

14. INS first reviewed Paulo Jorge Fonseca Barbosa detention status on or about December 2, 2005 after the 90-day removal period pursuant to Post-order Custody Review Procedures at 8 C.F.R. § 241.4 denied Paulo Jorge Fonseca Barbosa request for release stating that he was still (In the 4 letter's that I received from ICE it did not state why denying my release.) Exhibit

15. As a result of continued detention, Paulo Jorge Fonseca Barbosa case was transfered to the Headquarter Post Detention Unit (HQPDU) in March 2, 2006

6 month's Later: ICE's Inability to show that petitioner's Deportation is "Reasonably Foreseeable" Despite his full Cooperation

16. In the three months that have passed since Petitioner's last custody reveiw ICE has not notified Paulo Jorge Fonseca Barbosa of any progress in his repatriation

18. To Petitioner's Knowledge, the government of Cape Verde has not issued travel documents for him. Indeed neither ICE nor the Cape Verde have provided any indication that Cape Verde would accept Petitioner in the reasonably foreseeable future

18. ICE has never asserted that Petitioner has failed to cooperate in his deportation. To the contrary, Petitioner on his own initiative, and through the help of friends and family, has tried to expedite his repatriation to Cape Verde and release from custody.

ICE has offered no evidence to suggest that repatriation in Petitioner's individual case is reasonably foreseeable now

## DEMONSTRATE

19. Immigration must demonstrate to this court that travel document are in hand, provide any evidence or even assurances from the Cape Verde that travel documents will be issued in a matter of days or weeks or even months. see, e.g., OKILAGWE V INS, NO. 3-01-CV-1416-BD, 2002 WL 356758, 2-3 (N.D. TEX. MAR. 1, 2002) (Allen detained for eleven months after INS represented that it would have travel documents in a few days; court found that if INS did not have documents in hand, it failed to sustain it's burden of showing that alien's removal would occur in the reasonably foreseeable future); LEWIS V. INS, Case NO. 00CV0758 (SJ), 2002 WL 1150158 (E.D.N.Y. MAY 7, 2002) (If INS could not remove alien who had been

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

20. In Zadvydas, the Supreme Court held that 8 U.S.C § 1231 (a)(6), when "read in light of Constitution's demands, limited an alien's post-removal-period detention to a period reasonabl[y] necessary to bring about the alien's removal from the United States". Id., 121 S.Ct at 2498. A "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal." Id. at 2504. If the individual's removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute." Id.

21. In determining the length of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six months. Id at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." See Zhou V. Farquharson, 2001 U.S. Dist. LEXIS 18239, *2-*3 (D. Mass. Oct. 19, 2001) (quoting and summarizing Zadvydas). Moreover, "[f]or detention to remain reasonable, as the period

there is a significant likehood of an alien's removal in the reasonably foreseeable future See 8 C.F.R. § 241.4 (k)(2)(ii).

22. Evidence showing successful repatriation of other person to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be departed within the reasonably foreseeable future. See Thompson V INS, 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16, 2002) (government failed to show that alien's departation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and petitioner had requested); Kacanic V. Elwood, 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Penn. November 8, 2002) (government's reliance on data concerning removals of other aliens to Yugoslavia did not satisfy Zadvydas because government failed to give information about the number of aliens that were denied travel papers and did not provide individualized information about the removed aliens that would allow "a meaningful comparison" of the removed aliens to the petitioner); Ahlahed v. Ashcroft

to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence particular to the individual petitioner's case.

Compare Thompson, Kacanic, and Ablahad with Khan v. Fasano, 194 F. Supp. 2d 1134 (S.D. Cal. 2001) (eight month detention following final order was not unreasonable where INS requested travel documents for petitioner, Pakistani Consulate indicated that petitioner's travel document application had been forwarde[d] to the appropriate ministry, INS had successfully repatriated 476 Pakistani during 2001, suggesting that there were no "institutional barriers" to successful repatriation, and a meeting was scheduled with Pakistani government to discuss petitioner's case).

23. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist. LEXIS 15797 (D. Mass. August 22, 2002) (court "will likely grant" habeas petition after fourteen months if I.C.E. "is unable

given petitioner's 13-month detention and the INS's inability to assure the court that the paperwork from china was on it's way); Abdu v. Ashcroft, 2002 U.S Dist. LEXIS 19050 at *7 (W.D. Wash. February 28, 2002) (government failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likehood of petitioner's removal in the reasonably foreseeable future); Kacanic 2001 U.S. Dist. LEXIS 21848 (where alien had been detained for one year, lack of a definitive answer was likely -- showed that removal was not reasonably foreseeable); Mohamed v. Ashcroft, 2002 U.S. Dist. LexIS 16179 at *7 (W.D. Wash. April 15, 2002) (granting writ of habeas where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonably foreseeable future).

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

24 Petitioner re-alleges and incorporates

continued removal efforts passed 6 months ago. For the reasons outlined above in paragraphs 1 to 23, Petitioner's removal to Cape Verde is not reasonably foreseeable. The Supreme Court held in Zadvydas that the continued detention of someone after six months where deportation is not reasonably foreseeable in unreasonable and in violation of INA § 241.

## COUNT TWO

## SUBSTANTIVE DUE PROCESS VIOLATION

26. Petitioner re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. Petitioner's continued violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The Due Process Clause requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Paulo Jorge Fonseca Barbosa cannot be deported. The Supreme Court in Zadvydas thus interpreted INA

## COUNT THREE

### PROCEDURAL DUE PROCESS VIOLATION

28. Petitioner re-alleges and incorporates by reference paragraphs 1 through 27 above.

29. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates _Zadvydas_.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;
2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody;
3) Order Respondents to refrain from transferring the Petitioner out of the jurisdiction of ICE Boston District Director

I affirm, under penalty of Perjury that the foregoing is true and correct

Respectfully Submitted this day of March 3, 2006

Paulo Jorge Fonseca Barbosa

Paulo Jorge Fonseca Barbosa
, Pro Se
Donald W. Wyatt Detention
Facility
950 High st
Central Falls, Rhode Island
02863